UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| LYNDON WINN CARTER,<br><br>　　Plaintiff,<br><br>v.<br><br>METRO NASHVILLE POLICE<br>DEPARTMENT, et al.,<br><br>　　Defendants. | Case No. 3:25-cv-00271<br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Defendant Amazon Logistics, Inc., has filed a motion to strike pro se Plaintiff Lyndon Winn Carter's "clarification and response" to its business disclosure statement. (Doc. No. 59.) Carter has responded in opposition to Amazon Logistics' motion (Doc. No. 61), and Amazon has filed a reply (Doc. No. 62). For the following reasons, Amazon Logistics' motion to strike (Doc No. 59) will be GRANTED IN PART AND DENIED IN PART.

**I.　Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that the Court may, upon a party's motion or sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts . . . [and] is a drastic remedy to be resorted to only when required for the purposes of justice."). This reluctance to strike pleadings stems from "the

practical difficulty of deciding cases without a factual record . . ." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822, and the potentially "dilatory and often harassing character" of a motion to strike, 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. updated Apr. 2021). District courts have ample discretion to strike filings under Rule 12(f), and their decisions are reviewed only for abuse of that discretion. *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d at 1050; *see also Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007, 1012 (E.D. Mich. 2014) ("A court has 'liberal discretion to strike such filings' as it deems appropriate under Rule 12(f)." (citation omitted)).

## II. Analysis

Federal Rule of Civil Procedure 7.1 and this Court's Local Rule 7.02 require a nongovernmental corporate party to file a statement that "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock" or state that there is no such entity with its appearance in the action. Fed. R. Civ. P. 7.1; M.D. Tenn. R. 7.02 (business entity disclosure statement). Amazon Logistics filed its disclosure on May 14, 2025, stating that it "is a wholly owned, indirect subsidiary of Amazon.com, Inc." which "is a publicly traded company, has no parent corporation, and no publicly held corporation owns 10% or more of its stock." (Doc. No. 41.) Carter filed a "clarification and response" to Amazon Logistics' statement. (Doc. Nos. 46, 50.) Carter states that his intent in this filing is to "emphasize" his belief that Amazon Logistics "directly oversees and operates the Amazon Flex platform and its associated fulfillment stations" and that "[t]he individuals involved in" the events underlying Carter's claims in this action "were employees or agents operating under Amazon's direct supervision." (Doc. No. 50.) Carter further states that Amazon Logistics controlled the policies and procedures regarding coordination with law enforcement and that Amazon Logistics has "a

non-delegable duty to ensure the civil rights of those who conduct business with it, including 1099 independent contractors" like Carter. (*Id.*)

In its motion, Amazon Logistics argues generally that the Court must strike Carter's response to its business disclosure statement because Carter "attempts to plead new facts in the Response without requesting the Court's leave or Defendants' consent" as would be required for Carter to amend his complaint under Federal Rule of Civil Procedure 15. (Doc. No. 60.) Carter responds that he did not intend his response to be an amendment "but rather a procedural supplement intended to clarify the record and promote fair adjudication of the issues before the Court." (Doc. No. 61.)

The Court does not construe Carter's responsive filing as an attempt to amend his complaint and does not consider the statements made in his response to the business disclosure statement as the equivalent of allegations made in a pleading. Accordingly, it is not an appropriate target of a motion to strike under Rule 12(f). *Stability Sols., LLC v. Medacta USA, Inc.*, No. 3:23-CV-00072, 2024 WL 5248245, at *8 (M.D. Tenn. Dec. 30, 2024). Further, the Federal Rules of Civil Procedure do not contemplate an adversarial response to a business disclosure statement, and any such filing is not an appropriate vehicle for argument regarding the merits of Carter's claims.

### III.  Conclusion

For these reasons, the Court DENIES IN PART AND GRANTS IN PART Amazon Logistics' motion to strike (Doc. No. 59). While the Court will not strike Carter's filing, it will not consider his arguments made therein as allegations or arguments regarding the merits of his claims.

If Carter intends to further amend his complaint, he must do so in compliance with Federal Rule of Civil Procedure 15.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge