# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

LYNDON WINN CARTER,      )
                                            )

    Plaintiff,           )
                                            )

v.                          )        **Case No. 3:25-cv-00 271**
                                            )        **Judge Aleta A. Trauger**

**METRO NASHVILLE POLICE**     )
**DEPARTMENT *et al.*,**           )
                                            )

    Defendants.         )

## MEMORANDUM

Before the court are two sets of Objections (Doc. Nos. 107, 129) filed by plaintiff Lyndon Winn Carter to two different recommended rulings (Doc. Nos. 104, 128) by the Magistrate Judge, recommending that defendant Amazon Logistics, Inc.'s Motion to Compel Arbitration (Doc. No. 87) be denied without prejudice, that the defendants' Motions to Dismiss (Doc. Nos. 85, 86, 115) be granted, that the plaintiff's construed motion for the State of Tennessee to Waive Eleventh Amendment Immunity (Doc. No. 92) and his Motion for Leave to Amend (Doc. No. 108) be denied, and that all claims against all properly named and served defendants be dismissed. For the reasons set forth herein, the court will overrule the plaintiff's Objections, accept in their entirety the Magistrate Judge's recommended disposition of the various pending motions, and will dismiss the claims against the named defendants. In addition, the plaintiff is given notice that his claims against the unidentified and unserved John Doe defendants will be dismissed without prejudice under Federal Rule of Civil Procedure 4(m), unless the plaintiff shows good cause for the failure to effect timely service of process.

## I.    BACKGROUND

Plaintiff Lyndon Winn Carter initiated this lawsuit in March 2025, asserting claims arising out his allegedly unlawful detention by police officers with the Metro Nashville Police Department ("MNPD") in the parking lot of "Amazon's Station DTN6" in Madison, Tennessee on April 4, 2024. (*See* Compl., Doc. No. 1 at 5; Third Am. Compl., Doc. No. 106 at 2.) At the time, the plaintiff was an independent contractor for Amazon Flex, apparently meaning defendant Amazon Logistics, Inc. ("Amazon Logistics"), and was sitting in his vehicle at an Amazon facility. He alleges that police officers surrounded his car and then detained him at gunpoint, without probable cause, and he claims that the State and Amazon Logistics were somehow involved in a conspiracy with the Metro defendants to violate his civil rights. The defendants identified in the Third Amended Complaint, in addition to Amazon Logistics, include the "Office of Professional Accountability – Metro Nashville Police Department," the "City of Nashville," the State of Tennessee, and "John Doe Officers 1–8." (Doc. No. 106.[1])

In April 2026, Magistrate Judge Evans issued a Report and Recommendation ("1st R&R") (Doc. No. 104), recommending (1) that the Motion to Dismiss filed by the State of Tennessee (the "State") (Doc. No. 85) be granted on the grounds of sovereign immunity and, alternatively, for failure of the operative pleading to state a colorable claim against the State; (2) that Carter's Request for the State of Tennessee to Waive Eleventh Amendment Immunity in the Interest of Justice (Doc. No. 92), insofar as this request can be construed as a motion, be denied; (3) that the Motion to Dismiss filed by the Metropolitan Government of Nashville and Davidson County ("Metro Nashville"), the Metro Nashville Police Department ("MNPD") and the Metro Office of

---

[1] This document is entitled "Corrected Second Amended Complaint." The Magistrate Judge granted the plaintiff leave to correct the pleading and ordered that it be docketed as the Third Amended Complaint. (*See* Doc. No. 105.)

Professional Accountability ("OPA") (collectively, the "Metro defendants") (Doc. No. 86) be granted on the grounds that the plaintiff has not pleaded enough factual detail to set forth a legally cognizable claim against these defendants;[2] and (3) that defendant Amazon Logistics' Motion to Compel Arbitration (Doc. No. 87) be denied without prejudice, pending a then-anticipated ruling by the Supreme Court that would resolve the issue of whether "last leg" delivery drivers are subject to the Federal Arbitration Act's exemption for "workers engaged in foreign or interstate commerce," 9 U.S.C. § 1. (Doc. No. 104.)

Carter filed Objections to the 1st R&R (Doc. No. 107), objecting to the recommended dismissal of the claims against the State and the Metro defendants; he also sought leave to file a Fourth Amended Complaint (Doc. No. 108). Metro Nashville filed a Response (Doc. No. 109) to the plaintiff's Objections. All three defendants oppose the plaintiff's Motion to Amend on the grounds of futility (*see* Doc. Nos. 110, 111, 118), while Amazon Logistics also filed a Motion to Dismiss the Third Amended Complaint (Doc. No. 115). In this motion, Amazon Logistics stated that it did not waive its contractual right to arbitrate but filed its Rule 12(b)(6) motion in the alternative, arguing that the Third Amended Complaint contains no factual allegations giving rise to liability.[3] The plaintiff opposes Amazon Logistics' Motion to Dismiss and also filed a

---

[2] The Magistrate Judge entered a separate Order granting the plaintiff's motion to replace all three Metro defendants currently on the docket with the single defendant "Metropolitan Nashville and Davidson County," and directed the Clerk to terminate the MNPD, the "City of Nashville," and the OPA and to replace them with Metro Nashville. (Doc. Nos. 89 (motion), 105 (Order).)

[3] The anticipated ruling by the Supreme Court was issued approximately one month after Amazon Logistics filed its Motion to Dismiss the Third Amended Complaint, holding that "final leg" transportation workers—that is, workers who transport goods on an intrastate leg of an interstate journey—can qualify for the Federal Arbitration Act's exemption in 9 U.S.C. § 1 without crossing state lines or interacting with vehicles that do. *Flowers Foods, Inc. v. Brock*, 146 S. Ct. 1358, 1363–66 (May 28, 2026). Amazon Logistics' Motion to Compel Arbitration contends that, even if the FAA does not apply, the plaintiff is contractually obligated to arbitrate his claims against Amazon Logistics under state law. (*See* Doc. No. 87-1 at 15–18.)

Supplemental Notice of Filing Regarding Amazon ER Investigator Communications (Doc. No. 121), with additional documents that he contends support his claim against Amazon Logistics.

In June 2026, the Magistrate Judge issued another Report and Recommendation ("2nd R&R"), recommending that Carter's Motion for Leave to Amend (Doc. No. 108) be denied as "futile" and that Amazon Logistics' Motion to Dismiss be granted on the grounds that the "allegations in the third amended complaint are far too conclusory to support a legally cognizable theory of liability against Amazon" (while also noting that the proposed Fourth Amended Complaint "omits any mention of Amazon [Logistics] in the events of the police encounter"). (Doc. No. 128 at 3, 4.) The plaintiff filed Objections to the 2nd R&R as well. (Doc. No. 129.) Metro Nashville and Amazon Logistics both filed Responses to the plaintiff's Objections (Doc. Nos. 130, 131), and the plaintiff filed a Reply to each (Doc. Nos. 132, 133).

## II.     LEGAL STANDARD

If a party files "specific written objections" to an R&R on a dispositive matter, the district judge must consider those objections and determine *de novo* any part of the magistrate judge's disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(2), (3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* However, the district court is not required to review those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court generally should accept the magistrate judge's findings and rulings to which no specific objection is filed, *id.* at 151, so long as the court is "satisf[ied] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

### A. The 1st R&R

#### 1. Amazon Logistics' Motion to Compel Arbitration

No party objects to the Magistrate Judge's recommendation that Amazon Logistics' Motion to Compel Arbitration be denied without prejudice. Finding no clear error in that recommendation, the court will accept it without discussion, and the Motion to Compel Arbitration (Doc. No. 87) will be denied without prejudice.

### 2. The State's Motion to Dismiss

Carter does not address the Magistrate Judge's finding that the State cannot be deemed to have waived sovereign immunity. His motion to compel or request it to do so (Doc. No. 92) will be denied without further discussion.

Carter does object to the recommendation that the State's Motion to Dismiss be granted. He argues that his claims against the State fall within the purview of *Ex parte Young*, 209 U.S. 123 (1908), because he alleges an ongoing constitutional violation and seeks prospective injunctive relief. Implicitly recognizing that he has not named as a defendant a state official in his official capacity, Carter maintains that he should be granted leave to amend his pleading to name the Commissioner of the Tennessee Department of Safety and Homeland Security as the official charged with "law enforcement oversight." (Doc. No. 107 at 7.)

Carter filed not one but three Responses to the State's Motion to Dismiss (Doc. Nos. 93–95), and he raised all of his *Ex parte Young* arguments therein. The Magistrate Judge addressed and rejected them, and Carter does not meaningfully challenge the legal conclusions in the R&R. Regardless, the court has conducted a *de novo* review of the plaintiff's filings and finds that *Ex parte Young* does not apply and that the State is entitled to sovereign immunity, for the reasons set forth in the 1st R&R. The Magistrate Judge also considered and rejected the plaintiff's request to file a Fourth Amended Complaint, finding that his multiple amendments and supplemental filings, considered in their totality, fail to allege facts that make out a colorable claim against the State. The court agrees. Even if he had named an appropriate state official in his official capacity as a defendant in this case, the Third Amended Complaint, even considered with all of the plaintiff's various supplemental filings, does not allege facts that plausibly show that the State had any involvement in the events that took place in the Amazon parking lot on the night of April 4, 2024.

The plaintiff's objections to the recommended disposition of the State's Motion to Dismiss are without merit, and the State's motion will be granted.

### 3. Metro Nashville's Motion to Dismiss

The 1st R&R also recommends that the claims against Metro Nashville be dismissed for failure to state a claim for which relief may be granted. The plaintiff objects, arguing that the 1st R&R "overlooked specific factual allegations establishing a plausible constitutional violation" (Doc. No. 107 at 2 (quotation modified)), specifically including the "date, time, location, officer conduct, and outcome of the incident" (id.). He purports to "clarify" the allegations in the "factual record already pled," explaining that, while he was "detained at gunpoint, a responding officer informed Plaintiff that the Madison Police Department had received a call alleging that a male suspect driving a black vehicle on Amazon property had argued with a female employee and pointed a firearm at her." (Id. at 3.) According to the plaintiff, his vehicle was gray, not black, and the responding officers "relied on unverified and materially inaccurate information and proceeded to use high-risk, deadly force tactics without confirming the suspect description or establishing reasonable suspicion." (Id.) The plaintiff also argues that he "identified John Doe Officers 1–8 as the officers directly involved in the unlawful detention and use of force" and should be permitted to conduct discovery to ascertain the actual identity of the officers involved.

Metro Nashville responds that, even considering the plaintiff's new "clarification," the plaintiff has failed to allege facts showing that his temporary detention, resulting from a mistaken identification, violated his constitutional rights. More to the point, Metro argues that the Magistrate Judge correctly found that the Third Amended Complaint "contains no factual allegations of events that could suggest municipal liability through policies or practices." (Doc. No. 109 at 2 (quoting 1st R&R, Doc. No. 104 at 17).)

The court finds, on *de novo* review, that the Third Amended Complaint fails to state a colorable claim against Metro Nashville for violation of the plaintiff's constitutional rights. Section 1983 does not support a claim against a municipality based on *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Consequently, "merely employing a tortfeasor is insufficient to impose *Monell* liability." *Chick v. Taylor Cnty.*, No. 25-5168, 2026 WL 384165, *2 (6th Cir. 2026). Instead, to state a plausible claim for relief under § 1983 against a municipality, the plaintiff must allege "facts sufficient to make out one of four theories of municipal liability: '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.'" *Id.* (quoting *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019)). The plaintiff here simply fails to do so. He alleges some facts concerning the actions of individual (unidentified) police officers, but he fails to allege any facts that would support liability on the part of the municipality.

The court will overrule the plaintiff's Objections and grant Metro Nashville's Motion to Dismiss under Rule 12(b)(6).

**B.      The 2nd R&R**

The 2nd R&R addresses two motions filed after the 1st R&R was issued: the plaintiff's motion for leave to file a Fourth Amended Complaint (Doc. No. 108), and Amazon Logistics' Motion to Dismiss the Third Amended Complaint.

*1.      The Plaintiff's Motion to Amend*

The 2nd R&R expressly acknowledges the liberal pleading standard embodied by Rule 15(a)(2) but finds that the proposed amendment would be futile, as it "does not cure defects that the Court noted in the previous report and recommendation." (Doc. No. 128 at 2.) Specifically, the

proposed amendment "adds a few factual details . . . confirm[ing] that the police encounter in question had to do with police officers responding to a 911 call" and that "the officers detained [Carter] without arresting him because they thought he might be the suspect whom they were seeking." (*Id.*) However, the proposed amendment still not indicate "how long the encounter lasted, whether the officers said anything about what they thought the suspect did, and whether [the plaintiff] said anything in response." The Magistrate Judge found that the new facts alleged in the proposed amendment, accepted as true, did not cure the problem identified in the 1st R&R: "that a general failure of oversight and accountability" are not sufficient to "overcome state sovereign immunity or create liability for Metro." (*Id.* at 2–3 (citation omitted).)

The plaintiff objects on the grounds that the 2nd R&R "applies an excessively rigid pleading standard at the Rule 12(b)(6) stage against a *pro se* litigant who has not yet been afforded discovery." (Doc. No. 129 at 1.) He specifically objects that his proposed Fourth Amended Complaint (Doc. No. 112) now asserts sufficient facts to plausibly state a claim that his constitutional rights were violated by his detention on April 4, 2024. He asserts that the proposed amendment now alleges that he was detained at gunpoint for approximately fourteen minutes and was detained for approximately thirty-two minutes, even though he repeatedly informed the officers that he had done nothing wrong. (*See* Doc. No. 129 at 5.)[4]

The plaintiff fails to bring to the court's attention any flaw in the Magistrate Judge's legal analysis. Having conducted a *de novo* review of the proposed Fourth Amended Complaint, the court agrees with the Magistrate Judge that the proposed amendment would be futile with respect to the claims against Metro, does nothing to change the sovereign immunity analysis that applies

---

[4] Assuming the plaintiff is referring to his proposed Fourth Amended Complaint (Doc. No. 112), this document does not allege that the plaintiff was detained for any particular length of time.

to the State, and includes effectively no factual allegations at all showing that Amazon Logistics was involved in the event. The only apparent connection to Amazon Logistics is that the event took place on "private property owned or operated by Amazon in Madison, Tennessee." (Doc. No. 112 ¶ 1; *see also id.* ¶ 15.) The plaintiff's Objections will be overruled, and his Motion for Leave to Amend yet again will be denied as futile.

### 2. *Amazon Logistics' Motion to Dismiss*

The Magistrate Judge recommends dismissing the claims against Amazon Logistics in the Third Amended Complaint, as the pleading's allegations that MNPD officers "coordinated" with Amazon employees in detaining the plaintiff and "facilitated th[e] ambush by summoning law enforcement and failing to protect [his] safety on their premises" are "far too conclusory to support a legally cognizable theory of liability against Amazon." (Doc. No. 128 at 4 (quoting Doc. No. 106 at 2).)[5]

The plaintiff objects that the 2nd R&R "did not fully account for Plaintiff's April 24, 2026 supplemental filings and exhibits." (Doc. No. 129 at 9.) He claims that these "supplemental filings" demonstrate that his allegations reflect an ongoing good-faith effort to provide additional factual support for his claims and that such claims are not frivolous or "incapable of clarification." (*Id.*) While acknowledging that private corporations are "not ordinarily liable under § 1983 absent sufficient joint participation or coordinated activity with state actions," he maintains that he should be entitled to discovery to further substantiate his claims. He also continues to object to the dismissal of his claims against Metro and the State.

---

[5] The R&R also points out that the proposed Fourth Amended Complaint does not allege the involvement of Amazon employees at all.

The court finds, in short, that the plaintiff's supplemental filings, even if the court were to deem them part of the pleadings, are not sufficient to state a colorable claim against Amazon Logistics under 42 U.S.C. § 1983. The plaintiff has been given multiple opportunities to amend his pleading. His status as a *pro se* litigant does not justify endless attempts to clarify his claims. While the court understands that the plaintiff's detention on April 4, 2024 was likely a terrifying experience, the plaintiff has not plausibly stated a claim against the State, Metro, or Amazon Logistics.

## IV. CONCLUSION

For the reasons set forth herein, the plaintiff's various Objections to the two R&Rs issued by the Magistrate Judge will be overruled, and the R&Rs will be accepted in their entirety. As a result, Amazon Logistics' Motion to Compel Arbitration (Doc. No. 87) will be denied without prejudice; the defendants' Motions to Dismiss (Doc. Nos. 85, 86, 115) will be granted; and the plaintiff's construed motion for the State of Tennessee to Waive Eleventh Amendment Immunity (Doc. No. 92) and his Motion for Leave to Amend (Doc. No. 108) will be denied.

Resolution of these motions does not resolve the case in its entirety, because the plaintiff's claims against the John Doe defendants who have never been served or identified remain pending. Through this Memorandum (and the accompanying Order), the plaintiff is placed on notice that his claims against the John Doe defendants will be dismissed without prejudice unless the plaintiff shows good cause for the failure to serve them within 90 days after the Complaint was filed. Fed. R. Civ. P. 4(m).

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge