UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Lyndon Winn Carter,<br><br>Plaintiff,<br><br>v.<br><br>John Doe Officers 1-8,<br><br>Defendants. | Case No. 3:25-cv-00271<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

To: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

On July 17, 2026, Judge Trauger issued an order dismissing all defendants in this case except the eight fictitious "John Doe" defendants. (Doc. No. 135.) Plaintiff was given 21 days to show good cause for failure to serve those fictitious defendants or else the fictitious defendants would be dismissed without prejudice. On July 21, 2026, plaintiff filed a response to the order. (Doc. No. 136.) Plaintiff noted that, because his "litigation strategy has always focused upon the institutional defendants, Plaintiff does not object to dismissal without prejudice of the John Doe Defendants pursuant to Rule 4(m)." (*Id.* at 1.) The only condition that plaintiff requested was that "dismissal of the John Doe Defendants not be construed as a determination regarding the merits of Plaintiffs constitutional claims against the remaining named defendants." (*Id.*) Plaintiff elaborated that "dismissing the John Doe Defendants for lack of service should have no bearing on the Court's consideration of Plaintiff's claims against the institutional defendants." (*Id.* at 2.) Plaintiff concluded his response by requesting "that the Court dismiss the John Doe Defendants without prejudice pursuant to Rule 4(m), while preserving the independent adjudication of Plaintiff's claims against the remaining named defendants."

A dismissal without prejudice under Rule 4(m) will respect plaintiff's request because fictitious parties, though not identified, are considered their own parties independent of any other parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."). Plaintiff's request, therefore, can be granted without any wider implications about keeping individual and institutional parties separate.

**Recommendation**

For the foregoing reasons, the Court respectfully recommends granting plaintiff's request (Doc. No. 136) to dismiss the remaining fictitious defendants without prejudice under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 22nd day of July, 2026.

LUKE A. EVANS
United States Magistrate Judge